1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6    JELBER ROLANDO BOTELLO
     HERNANDEZ ,
7
                           Petitioner,
8         v.

9    United States Immigration and Customs
     Enforcement Field Office Director,
10
                           Respondent.
11

|  |
|---|
| Case No. 2:25-cv-02400-KKE-TLF |
| REPORT AND RECOMMENDATION |
| Noted for <u>January 2, 2026</u> |

12         Petitioner, a native and citizen of Guatemala, proceeding pro se, filed a Petition

13   for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 7.  Petitioner is detained

14   by United States ("U.S.") Immigration and Customs Enforcement ("ICE") at the

15   Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id*.  Respondents

16   have not been served.[1]

17         The Court concludes the petitioner fails to allege sufficient facts to state a habeas

18   claim. Accordingly, the Court DECLINES to serve the petitioner and further

19   RECOMMENDS this action be DISMISSED for failure to state a claim upon which relief

20   may be granted, with leave to amend.

21

22   ───────────────────

[1] Petitioner must name the warden of the NWIPC facility, Bruce Scott, as a defendant, as "habeas
23   petitioners challenging their present physical confinement [must] name their immediate custodian, the
     warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109
24   F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the
     petition. *Id*. at 1195–97.

25

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner alleges that he entered ICE custody at NWIPC on July 30, 2024. Dkt. 7 at 1. He states he has been detained for approximately eighteen months and asserts that his current charge is entering the country illegally. *Id*.

The Petition itself contains no individualized factual allegations explaining why petitioner's detention violates any federal law. Instead, it consists almost entirely of legal conclusions and generalized assertions applicable to immigration detainees as a group.

Petitioner appears to seek a "bond review" and "release … upon conditions that [are] fair and just." Dkt. 7 at 3. He indicates that he is detained pursuant to 8 U.S.C. § 1226(a) rather than § 1226(c). *Id*. at 4.

Attached to the Petition is an opening brief filed in the Ninth Circuit Court of Appeals. That brief—rather than the Petition itself—contains the only factual allegations specific to petitioner besides the amount of time he has been detained.[2] Dkt. 7 at 12. According to the brief, petitioner entered the United States at age 22 after fleeing violence in Guatemala. *Id*. He allegedly entered the United States through Houston in 2005, was kidnapped by a cartel in route and rescued by family members from Sacramento, California, where he has resided for over 20 years. *Id*. He acknowledges two misdemeanor convictions for driving under the influence of alcohol and states he received substance-abuse treatment. *Id*. He further asserts that he was approved for a

---

[2] The relief requested in the appellate brief is permission to remain in the United States. This Court lacks jurisdiction to grant such relief because § 2241 does not provide jurisdiction for district courts to review the validity of a final order of removal or to grant relief that would permit an alien to remain in the United States. Such challenges fall within the exclusive jurisdiction of the courts of appeals under 8 U.S.C. § 1252(a)(5).

REPORT AND RECOMMENDATION - 2

U-Visa but was later convicted of an unspecified crime, incarcerated at San Quentin, and upon release on July 30, 2024, transferred directly into ICE custody. *Id*.

It appears petitioner appealed a final order of removal, and the immigration judge or Board of Immigration Appeals denied relief after determining petitioner failed to establish a likelihood of torture or that any state actor would be willfully blind to such harm. *Id*. at 22. Petitioner contends that *Zadvydas* does not apply in his case (*Id*. at 7. "…[T]his petition is not within the Zadvydas mold); yet his petition appears to invoke the constitutional limits on post-removal-period detention articulated in that decision. *See Zadvydas v. Davis*, 533 U.S. 678, 678-79 (2001) (holding "Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention" which "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States and does not permit indefinite detention.").

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

1       The Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97,

2   106 (1976). And Rule 8(a) of the Federal Rules of Civil Procedure provides that in order

3   for a pleading to state a claim for relief it must contain a short and plain statement of the

4   grounds for the court's jurisdiction, a short and plain statement of the claim showing that

5   the pleader is entitled to relief, and a demand for the relief sought. The statement of the

6   claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is

7   and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

8       To avoid dismissal, a complaint must contain sufficient factual matter –

9   conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Bell*

10  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it

11  lacks a cognizable legal theory or states insufficient facts to support a cognizable legal

12  theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

13                     **DISCUSSION**

14       The Petition is deficient because petitioner does not plausibly allege that his

15  detention violates the Constitution, laws or treaties of the United States. It is also

16  unclear which statutory detention framework governs his custody. Petitioner asserts that

17  *Zadvydas* does not apply, yet it appears he is subject to a final removal order under 8

18  U.S.C. § 1231. At the same time, petitioner indicates that he is detained pursuant to 8

19  U.S.C. § 1226(a). Although the attached appellate brief provides background

20  information, the petition is still defective. A habeas corpus petition must allege facts

21  supporting the requested relief. Absent clear allegations identifying the basis for

22  detention and explaining how it violates due process under the applicable statutory

23

24

25

scheme, the petition consists of generalized legal assertions insufficient to support habeas relief. Accordingly, dismissal with leave to amend is warranted.

## CONCLUSION

The Court recommends this case should be DISMISSED without prejudice and with leave to amend, for failure to state a viable claim.

A proposed order and judgment accompanies this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 2, 2026**, as noted in the caption.

Dated this 18th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5